IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LUIS JAVIER TORRES,

        Civil No. 2:14-cv-01519-PA

     Petitioner,

        OPINION AND ORDER

   v.

JOHN MYRICK, Superintendent,
Two Rivers Correctional Institution,

     Respondent.

     ANTHONY D. BORNSTEIN
     Assistant Federal Public Defender
     101 SW Main Street
     Suite 1700
     Portland, OR  97204

        Attorney for Petitioner

     ELLEN F. ROSENBLUM
     Attorney General
     FREDERICK M. BOSS
     Deputy Attorney General
     KRISTEN E. BOYD
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

PANNER, Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  For the reasons that follow, the court DENIES the Amended Petition for Writ of Habeas Corpus.

### BACKGROUND

On February 19, 2009, a Wasco County grand jury indicted petitioner on one count of Sexual Abuse in the First Degree and one count of Coercion.  Resp. Exh. 102.  The case was initially joined with another case against petitioner involving sex offenses against two additional victims.  Resp. Exhs. 17, 119.  Defense counsel moved to sever the cases for trial, which the trial judge granted.  Petitioner waived his right to a jury trial and the matter was tried to the court.[1]  Resp. Exh. 103.  The trial judge found petitioner guilty of Sexual Abuse in the First Degree and Attempted Coercion, and sentenced petitioner to 81 months of imprisonment.  Resp. Exh. 103, pp. 80-81, 107.

Petitioner filed a direct appeal, asserting a single assignment of error:  the trial court erred in denying petitioner's motion for judgment of acquittal on count 1, Sexual Abuse in the First Degree.  Resp. Exh. 104, p. i.  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme

---

[1]A jury convicted petitioner in the other case.  Resp. Exh. 103, pp. 86-88, 103.  That conviction is not at issue in this case.

2 - OPINION AND ORDER -

Court denied review. *State v. Torres*, 241 Or. App. 573, 250 P.3d 464, *rev. denied*, 350 Or. 423, 256 P.3d 1097 (2011).

Petitioner then sought state post-conviction relief ("PCR"). Resp. Exhs. 109, 110.  Following an evidentiary hearing, the PCR trial judge denied relief. Resp. Exh. 122.  Petitioner appealed, again asserting a single assignment of error:  the PCR court erred in denying relief on petitioner's claim of ineffective assistance based on trial counsel's advice to petitioner not to testify. Resp. Exh. 123, p. i.   The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Torres v. Nooth*, 262 Or. App. 666, 328 P.3d 840, *rev. denied*, 355 Or. 751, 331 P.3d 1011 (2014).

On September 22, 2014, petitioner filed his Petition for Writ of Habeas Corpus in this court.  The court appointed counsel to represent petitioner, and on March 4, 2015, petitioner filed an Amended Petition for Writ of Habeas Corpus alleging two grounds for relief:

> **Ground One:**   Petitioner was denied his right to effective assistance of counsel in violation of the Sixth and Fourteenth Amendments in the following particular:
>
> A.   Trial counsel improperly advised him not to testify at his criminal trial.  This advice was erroneous where counsel effectively locked petitioner into this decision weeks before trial and for the purpose of obtaining severance of the trial from another criminal matter.  Petitioner was thus denied the opportunity to provide relevant and vital testimony at his trial.

3 - OPINION AND ORDER -

**Ground Two:** Petitioner was denied his right to Due Process under the Fourteenth Amendment in that his conviction for sex abuse in Count One of the underlying indictment rests on constitutionally insufficient evidence.

In his Brief in Support of Amended Petition, petitioner addresses only the claim alleged in Ground One. Respondent argues petitioner is not entitled to relief on either claim because the state court decision denying relief on Ground One is entitled to deference, because petitioner failed to meet his burden of proof on the Claim alleged in Ground Two, and in any event, because the claim alleged in Ground Two is procedurally defaulted.

## DISCUSSION

## I.    Ground One - Ineffective Assistance of Trial Counsel

### A.    Legal Standards

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The state court's findings of fact are presumed correct, and a petitioner bears the burden of rebutting the

4 - OPINION AND ORDER -

presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Section 2254(d) is a "'guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Hibbler v. Benedetti*, 693 F.3d 1140, 1148 (9th Cir. 2012) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)) (additional internal quotation omitted). "'[T]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold.'" *Id*. at 1146 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

A state court acts "contrary to" clearly-established federal law if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

A state court decision is an "unreasonable application" of clearly-established federal law if the court:  (1) identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case; or (2) either unreasonably refuses to extend the governing legal principle or unreasonably extends it to a new

5 - OPINION AND ORDER -

context where it should not apply. *Id.* at 407, 413. Under this standard of review, a federal court may not issue a writ of habeas corpus because it concludes the state court applied clearly-established federal law erroneously or incorrectly. The state court decision must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U .S. 63, 75 (2003).

To prevail on a claim of ineffective assistance of counsel, petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant is prejudiced by counsel's deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Strickland*, 466 U.S. at 694).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. *Id.* at 689-90. The petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the

6 - OPINION AND ORDER -

circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id*. at 690. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689.

Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so. . . . When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. at 105 (citations omitted).

**B.    Analysis**

Petitioner contends his trial counsel provided ineffective assistance of counsel when he improperly advised petitioner not to testify at trial. The PCR trial judge rejected this claim, finding as follows:

> Petitioner had two cases. They were consolidated for trial. [Attorney] moved to sever on grounds that [petitioner] wanted to testify in other case and not in this one. Other case tried to jury, this one to the court. [Attorney] did not believe [the district attorney] could prove forcible compulsion in this case so better tried to judge.
>
> No proof of any exculpatory witnesses or evidence. Reasonable strategy decision to sever cases.

> [Attorney] discussed severance/not testifying weeks before trial and told him decision up to him. [Petitioner] decided several weeks before trial. [Court] believes [petitioner] knew his choices, and made decision, now he regrets it.
>
> No inadequacy, no prejudice.

Resp. Exh. 122, pp. 1-2.

The PCR trial judge's decision was not objectively unreasonable. A tactical decision exercised by counsel deserves deference when counsel makes an informed decision based on strategic trial considerations and the decision appears reasonable under the circumstances. *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994). On the other hand, "it cannot be permissible trial strategy, regardless of the merits or otherwise, for counsel to override the ultimate decision of a defendant to testify contrary to his advice." *United States v. Mullins*, 315 F.3d 449, 453 (9th Cir. 2002). This is so because "a defendant in a criminal case has the right to take the witness stand and testify in his own defense." *Rock v. Arkansas*, 483 U.S. 44, 49 (1987).

The defendant may, however, waive this right, either explicitly or implicitly. *United States v. Pino-Noriega*, 189 F.3d 1089, 1094 (9th Cir.), *cert. denied*, 528 U.S. 989 (1999). Such waiver may be inferred from a defendant's failure to testify at trial or to notify the court of his desire to testify. *Id*. at 1094-95. "Although the ultimate decision whether to testify rests with the defendant, he is presumed to assent to his attorney's

8 - OPINION AND ORDER -

tactical decision not to testify," but he "can reject his attorney's tactical decision by insisting on testifying, speaking to the court, or discharging his lawyer." *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir.), *cert. denied*, 510 U.S. 1019 (1993).

Petitioner did not voice any objection to his attorney's strategy at trial and instead stood silent when his attorney informed the trial judge that he would call no witnesses. Resp. Exh. 103, p. 70.  In the PCR proceeding, petitioner did not assert that he told his attorney he wanted to testify but his attorney refused to allow him.  Resp. Exh. 121.  In fact, petitioner's attorney stated that he "told [petitioner] he had a constitutional right to testify.  I advised him not to testify, but that the decision was ultimately his to make.  At least six weeks prior to the trials [petitioner] decided he would testify in [the other case] and would not testify [in this case]."  Resp. Exh. 116, p. 2.

Petitioner has not established that his attorney prevented him from testifying.  Petitioner was aware of his right to testify, and he waived that right by his silence.  *See U.S. v. Gillenwater*, 717 F.3d 1070, 1080 (9th Cir. 2013) (court can infer that a defendant has personally waived the right to testify when defense counsel elects not to call the defendant and, despite

9 - OPINION AND ORDER -

being present, the defendant takes no affirmative action to demonstrate his disagreement with counsel).

Moreover, petitioner has not established prejudice. Petitioner stated in the PCR hearing that, if given the opportunity, he would have testified that the victim's allegations were false, "that it was all consensual," that the victim would "flirt" with him, and that the victim gave him her phone number and his co-workers saw that. Resp. Exh. 121, pp. 7-8. Even if petitioner had testified as such at trial, in light of the evidence against him there is not a reasonable probability that the result of the proceeding would have been different.

The PCR court's decision denying relief on petitioner's ineffective assistance of counsel was not contrary to or an unreasonable application of *Strickland*, and is entitled to deference. Accordingly, petitioner is not entitled to habeas corpus relief on the claim alleged in ground one.

## II.   Ground Two - Insufficient Evidence

As noted, though he alleges in his amended petition a claim of insufficient evidence supporting the conviction for Sex Abuse in the First Degree, petitioner does not address this claim in his brief. A petitioner seeking federal habeas relief bears the burden of showing the court he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), *cert. dismissed,* 545 U.S. 1165 (2005).

10 - OPINION AND ORDER -

Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

The court has reviewed the record and finds petitioner has not met his burden of showing he is entitled to relief on the insufficient evidence claim not argued in his memorandum. The court's review of the state direct appeal proceedings confirms that the state court decisions on the claim alleged in Ground Two was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court.[2] Accordingly, petitioner is not entitled to habeas corpus relief on the claim alleged in Ground Two.

---

[2]Respondent argues petitioner procedurally defaulted this claim because he did not raise it as a federal claim in his direct appeal. Under 28 U.S.C. § 2254(b)(2), the court may directly address the merits of a habeas petition, without considering whether a petitioner's claims were properly exhausted in the state courts, "when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005), *cert. denied*, 546 U.S. 1172 (2006). Because petitioner's insufficiency of the evidence claim is not colorable, the issues of exhaustion and procedural default need not be addressed.

## **CONCLUSION**

For these reasons, the court DENIES the Amended Petition for Writ of Habeas Corpus and DISMISSES this action.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __2__ day of September, 2015.

_____
Owen M. Panner
United States District Judge

12 - OPINION AND ORDER -